ANDREW A. JACKSON, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF ROBERT E. JACKSON, DECEASED, PLAINTIFF, v. DREAMLAND COASTER COMPANY, A CORPORATION, DEFENDANT.

Submitted May 15, 1926—Decided November 13, 1926.

Negligence—Plaintiff's Intestate Killed While a Passenger on Defendant's Amusement Device—The Device Known as a Roller Coaster Carried Its Passengers in Cars—Plaintiff's Intestate Had Several Times Ridden Around Safely—On Fatal Trip, a Sudden Stopping and Starting of Car Threw Him Forward Out of Car—Held, That Evidence Showed That the Injury was the Result of Improper Construction, Also, That There Were Not Proper Safeguards.

On defendant's rule to show cause why plaintiff's verdict should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *John W. McGeehan, Jr.*

*Contra, Thomas Brown.*

PER CURIAM.

This is defendant's rule to show cause why plaintiff's verdict of $4,500 should not be set aside.

Plaintiff's intestate was killed on June 15th, 1924, by being thrown out of a roller coaster owned and operated by the defendant, he being a passenger on the coaster at the defendant's place of amusement in Newark. The accident happened on a Sunday. Plaintiff's intestate was accompanied by his three sisters, his young brother and his brother-in-law.

He took seven rides all told, and lost his life on the seventh ride, his brother-in-law and his brother being with him in the coaster, he sitting in front with his brother-in-law and his brother sitting on the back seat.

According to the testimony he went around safely on the six previous rides. On the seventh ride, when they got to the last dip, as they neared the top, there was a sudden and violent jerk, jerking the passengers forward and jerking the decedent completely over the front of the machine. A witness (who was riding in the car) described the jerk as comparable with the sudden putting on of brakes in an automobile going at terrific speed and then suddenly letting them off again, the effect being to pull the body forward. And there was testimony tending to show that this sudden jerk at that point showed improper construction of the coaster and its appliances. There was also evidence tending to show that the only provision for holding on, or safe-guarding the rider, was a rail extending across the car in front of the front seat, and that this was below the riders' knees, from which negligence might be inferred with respect to the construction of the machine.

The defendant undertook to show that the deceased was standing up in the car at the time the accident occurred; but this was emphatically denied by all of plaintiff's witnesses, several in number. It is also said that decedent was negligent in not holding on; but that question was a proper question for the determination of the jury.

We cannot say that the verdict, in respect to any of such questions, was against the great weight of the evidence, and we do not think the motion for nonsuit or for the direction of a verdict could have been properly directed.

We have examined with care the complaints with reference to the admission and exclusion of evidence, and the charge of the court. We find nothing therein from which it appears, after an examination of the whole case, that there was any error injuriously affecting the substantial rights of the defendant.

The rule to show cause will be discharged.